UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN D. PORTER,

    Plaintiff,

vs.                                          Case No.

OXFORD COLLECTION AGENCY, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.
### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the State of Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes (hereinafter, "State Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.
### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

## III.
## PARTIES

3. Plaintiff, CAROLYN D. PORTER is a natural person residing in Lakeland, Polk County, Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant, OXFORD COLLECTION AGENCY, INC. (hereinafter referred to as "Defendant" or "OXFORD") is a State of New York corporation which is a registered corporation within the State of Florida engaged in the business of collecting debts with its principal place of business located at 135 Maxess Road, Melville, New York 11747 and is a "debt collector" as defined by the 15 U.S.C. §1692a(6).

## IV.
## FACTUAL ALLEGATIONS

5. Sometime before the facts noted below, Plaintiff incurred a financial obligation through GTE Federal Credit Union. (hereinafter referred to as "Creditor") for the purchase of a motor vehicle that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely an amount due and owing on a personal account (hereafter the "Account").

6. Due to circumstances beyond Plaintiff's control, the Account with Creditor was not paid by Plaintiff and it went into default.

7. Sometime thereafter, the alleged debt and Account was assigned, placed or otherwise transferred to Defendant, OXFORD for collection.

8. Upon information and belief, sometime around April 1, 2009, Plaintiff began noticing that she was receiving repeated telephone calls from Defendant on Plaintiff's residential telephone number. The exact dates and times are unknown to

Plaintiff at this time. These phone calls, as well as the telephone calls noted herein, each individually constitute a "communication" as defined by 15 U.S.C. §1692a(2).

9. It was during these April telephone calls that Plaintiff informed Defendant's representative that her only source of income was from social security retirement benefits. Plaintiff further informed Defendant's representative that she was not financially able to pay the alleged debt. Plaintiff requested Defendant's representative not to call Plaintiff any more. The telephone calls from Defendant persisted. The telephone calls from Defendant became so numerous that Plaintiff would not take the telephone calls but would allow the telephone calls to proceed to voice mail. However, on those occasions when Plaintiff would take the telephone calls, she would repeatedly request that Defendant not make any further telephone calls to her in an attempt to collect the above referenced debt and Account. Totally ignoring Plaintiff's directive to cease communication with her, Defendant continued to make additional telephone calls to Plaintiff.

10. On or about April 25, 2009, Plaintiff wrote a letter and sent the letter on May 5, 2009 by certified mail (bearing certified mail number: 7009-0080-0001-8800-5985) to the Defendant at the address of 135 Maxess Road Melville, New York 11747 requesting that all forms of telephonic communication and contact from Defendant cease. The return receipt notification indicates that the letter was received by the Defendant on May, 9, 2009. Despite receipt of the notification by Defendant, Plaintiff continued to receive collection telephone calls from Defendant's representatives, employees and/or agents.

11. Notwithstanding the notification letter from Plaintiff to Defendant to stop making telephone calls to her, the telephone calls from Defendant have persisted. During one of the telephone calls to Plaintiff, Plaintiff informed the representative of Defendant of the existence of the notification letter. Completely and with total disregard of the information provided by Plaintiff, Defendant's representative continued to make inquiry whether Plaintiff was going to make any payment on the alleged debt and Account.

12. Notwithstanding the above referenced notification letter and Plaintiff's reading of the letter to Defendant's representative, the telephone calls from Defendant have persisted, totally ignoring Plaintiff's reasonable request and directive for Defendant to cease telephonic communication with Plaintiff.

13. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, OXFORD.

14. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

15. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, OXFORD.

16. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of state and federal law by its collection employees, including but not limited

to violations of the Fair Debt Collection Practices Act, Florida Consumer Practices Act and Florida tort law, in their attempts to collect this debt from Plaintiff.

## V.
## FIRST CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through sixteen (16) above.

18. By their actions, Defendant and its agents have violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had requested in writing that Defendant cease communications with Plaintiff.

19. By their actions, Defendant and its agents violated 15 U.S.C. § 1692d (5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

20. By their actions, Defendant and its agents violated 15 U.S.C. § 1692d by engaging in conduct against Plaintiff that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

21. By their actions, Defendant and its agents violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at any unusual time or place or which should have been know to be inconvenient to Plaintiff.

22. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment as Defendant's conduct violated the FDCPA, and Plaintiff should be awarded actual damages, statutory damages, and costs and attorney's fees.

## VI.
## SECOND CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. By their actions, Defendant and its agents violated the State of Florida Consumer Collection Practices Act, Section 559.72 (7) by willfully communicating with Plaintiff or any member of her family with such frequency as can reasonably be expected to harass Plaintiff or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of her family.

25. Defendant and its agents' acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the above violations of the State of Florida Consumer Collection Practices Act, Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## VII.
## THIRD CLAIM FOR RELIEF

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act (FDCPA), when it stated as part of its findings:

<u>Abusive debt collection practices contribute</u> to the number of personal bankruptcies, to marital instability, to the loss of jobs, and <u>to invasions of individual privacy</u>.

15 U.S.C. § 1692 (emphasis added).

29. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiff's privacy.

30. Defendant and its agents also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invading Plaintiff's right to financial privacy.

31. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

32. Defendant and its agents undertook a series of communications to Plaintiff's home constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiff's right to privacy; after repeated requests that the Defendant no longer contact her. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate Plaintiff into paying a debt.

33. Said invasions were intentional, willful, and malicious, and violated Plaintiff's privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort and violated Plaintiff's privacy.

34. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

35. These intrusions and invasions by Defendant and its agents occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such invasion of privacy by Defendant and its agents, Defendant and its agents has caused Plaintiff to suffer emotional distress, embarrassment and humiliation, and Plaintiff requests an award of actual damages and for such other and further relief as may be just and proper.

## VIII.
## FOURTH CLAIM FOR RELIEF

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

39. Defendant knew or should have known that said conduct was improper.

40. Defendant negligently and wantonly failed to train and supervise the collector(s) in order to prevent said improper conduct.

41. As a result of Defendant's negligence and wantonness, Plaintiff has suffered embarrassment and humiliation.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of the State of Florida Consumer Collection Practices Act;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Statutory damages pursuant to Section 559.77, Florida Statutes;

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes; and

F.  For such other and further relief as may be just and proper.

## IV.
## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 17th day of June 2009.

DICESARE, DAVIDSON, & BARKER, P.A.

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
E-Mail: rbarker@ddblaw.com
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
E-mail: mcabrera@ddblaw.com
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
Attorneys for Plaintiff

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )

COUNTY OF POLK          )

Plaintiff, CAROLYN D. PORTER having first been duly sworn and upon oath, depose and say as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

*Carolyn D. Porter*
CAROLYN D. PORTER

Sworn to or affirmed and signed before me on June __17__ 2009, by CAROLYN D. PORTER.

Notary Public State of Florida
Meghan L Brewster
My Commission DD633810
Expires 01/28/2011

*Meghan L Brewster*
NOTARY PUBLIC - STATE OF FLORIDA

*Meghan Brewster*
[Print, type, or stamp commissioned name of notary.]

___ Personally known
_✓_ Produced identification [Type of identification produced: State issued Identification Card]

10